PER CURIAM.
|, Granted for the limited purpose of transferring this matter to the Court of Appeal, First Circuit.
On December 13, 2007, the Louisiana Board of Ethics made a decision to issue subpoenas to three Louisiana legislators (Relators). The decision to issue the subpoenas was made by the Board of Ethics as opposed to a decision of an administrative law judge or a subordinate presiding *721 officer. Section C(3) of LSA-R.S. 13:3667.3[1] provides that a legislative member who opposes the issuance of a subpoena may apply directly to this court for exercise of its supervisory jurisdiction if the subpoena is issued by a subordinate presiding officer or an administrative law judge. The provision does not provide for such direct review by this court of a subpoena issued by an agency. As such, there is no statutory authority for Relators to apply directly to this court for supervisory writs. Thus, we decline to exercise supervisory jurisdiction.
This matter is transferred to the Court of Appeal, First Circuit, pursuant to LSA-R.S. 42:1142(A), which provides, in pertinent part, that “any preliminary, procedural, or intermediate action or ruling by the [Ethics] board or panel is subject |gto the supervisory jurisdiction of the appellate court as provided by Article V, Section 10 of the Constitution of Louisiana.”[2]
KIMBALL, J., would grant and docket.

. Section C(3) provides:
(3) After the hearing, if the subordinate presiding officer or administrative law judge, as applicable, determines that the member's testimony is necessary to the proceeding and that the testimony is not privileged, he shall issue the subpoena or order. The member or the attorney general may apply directly to the Supreme Court of Louisiana for supervisory writs upon the subordinate presiding officer's or administrative law judge’s decision to hold a hearing or to issue a subpoena commanding the attend-anee of the member or other order compelling discovery.

. Paragraph (A) of Article V, § 10 provides, in pertinent part, that “a court of appeal has ... supervisory jurisdiction over cases which arise within its circuit.” The Court of Appeal, First Circuit has jurisdiction over matters decided by the Board of Ethics. See LSA-R.S. 42:1142(A); Duplantis v. Louisiana Board of Ethics, 00-1750, 00-1956, pp. 14-15 (La.3/23/01), 782 So.2d 582, 591.